**David Wayne BURKS, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 73-2032.**

United States Court of Appeals, Sixth Circuit.

Case submitted on briefs without oral argument April 2, 1974.

Decided May 3, 1974.

David Wayne Burks, on brief, pro se.

William W. Milligan, U. S. Atty., Arthur D. Jackson, Jr., Asst. U. S. Atty., Dayton, Ohio, on brief, for respondent-appellee.

Before EDWARDS, McCREE and MILLER, Circuit Judges.

PER CURIAM.

Appellant in this case filed a pro se petition to vacate sentence under 28 U.S.C. § 2255 (1970). His petition was summarily denied and he appeals.

The gravamen of petitioner's complaint concerns the sentence he received from the District Court after entering pleas of guilty to two separate indictments; one for possession of a sawed-off shotgun, and the other for bank robbery. On the first offense he was sentenced to 18 months as an adult offender, and on the bank robbery conviction he was sentenced under the Federal Youth Corrections Act, 18 U.S.C. §§ 5010(c), 5017(d) (1970). He asserts, and the government apparently concedes, that the Youth Corrections Act was made to run consecutively with the adult sentence.

■ Plainly, the relief which appellant seeks is not appropriate under Section 2255 under which a person convicted of crime in violation of the federal Constitution may seek vacation of his sentence. Petitioner's attack upon the inconsistency of the two sentences could, however, appropriately be heard and determined under Rule 35 of the Federal Rules of Criminal Procedure.

■ Since we feel that his petition can and should be construed as a motion under Rule 35, we vacate the judgment of the District Court and remand for consideration by the District Court of whether a rehabilitative sentence under the Federal Youth Corrections Act can consistently be made to run consecutively with an 18-month adult prison sentence administered at the same time and for an offense which arose from the same occurrence which produced the Federal Youth Corrections Act sentence.

The court notes its displeasure with the utter inadequacy of the one-page brief filed by the United States Attorney.